# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **EVELYN MURRAY PIERRE** | : | **DOCKET NO. 2:17-cv-1565** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **TRINA WILLIAMS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss [doc. 5] filed by defendants Trina Williams and John S. Craft, seeking to dismiss all of the plaintiff's claims. Plaintiff Evelyn Murray Pierre opposes the motion. Doc. 11.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, the Motion to Dismiss is **DENIED**, without prejudice to any party seeking relief on this basis through a Motion for Summary Judgment.

### I.
#### BACKGROUND

This action arises from the death of Roy Edward Marshall on or about January 17, 2017, during his incarceration at Vernon Correctional Facility. Doc. 1; *see* doc. 5, att. 2 (affidavit by Vernon Correctional Facility employee, attached to defendants' motion). Evelyn Murray Pierre, Marshal's mother, brought suit against the defendants individually and as estate representative of Marshall, raising civil rights claims under 42 U.S.C. § 1983 and state law wrongful death and survival claims. Doc. 1.

The defendants now move to dismiss this matter for lack of subject matter jurisdiction, alleging that the decedent was survived by at least two children at the time of his death and that Pierre therefore lacks standing to bring any of the claims raised herein. Doc. 5.

## II.
### LAW & ANALYSIS

### A. *Rules 12(b)(1) and 12(b)(6)*

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). "[U]nless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 570 F.Supp.2d 851, 853 (E.D. La. 2008). In order to have standing under § 1983 for claims based on the death of another, a plaintiff must have standing under the state wrongful death and survival statutes. *Pluet v. Frasier*, 355 F.3d 381, 383 (5th Cir. 2004). In Louisiana, standing for wrongful death and survival claims is determined based on the plaintiff's beneficiary status under Articles 2315.1 and 2315.2 of the Louisiana Civil Code. *Turner v. Busby*, 883 So.2d 412, 416 (La. 2004).

Rule 12(b)(1) motions, however, only deal with issues of constitutional standing. *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n. 2 (5th Cir. 2011) (citing *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008). "Article III standing is the 'irreducible constitutional minimum' while statutory standing refers to whether a valid cause of action exists under the statute at issue." *Starnet Ins. Co. v. Fed. Ins. Co.*, 2016 WL 5957620, at *3 (W.D. Tex. Oct. 13, 2016) (quoting *Markle Interests, LLC v. U.S. Fish and Wildlife Service*, 827 F.3d 452, 462–64 (5th Cir. 2016)). The type of standing challenged in this matter is statutory standing because it is not a general test of injury and redressability but instead "an issue requiring

traditional tools of statutory interpretation to determine if a legislatively conferred cause of action encompasses that particular plaintiff's claim."[1] *Id.*

"Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Harold H. Huggins Realty, Inc.*, 634 F.3d at 795 n. 2. Courts may excuse mislabeling of a 12(b) motion to dismiss and resolve the motion under the appropriate rule. *See, e.g.*, *United States ex rel. Ambrosecchia v. Paddock Labs., LLC*, 855 F.3d 949, 954 (8th Cir. 2017) (construing Rule 12(b)(1) motion as one filed under Rule 12(b)(6)). This conversion presents complications when the 12(b)(1) motion relies on evidence outside of the pleadings. *See Gonalez*, supra, 2017 WL 9324466 at *4. A Rule 12(b)(6) motion may be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56 when it relies on matters outside of the pleadings. *See* Fed. R. Civ. P. 12(d). The Fifth Circuit holds, however, that a "Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction cannot be converted into a motion for summary judgment." *Maria v. United States ex re. Army Corps of Engineers*, 2010 WL 2009968, at *2 (E.D. La. May 17, 2010) (quoting *Green v. Forney Eng'g Co.*, 589 F.2d 243, 246 (5th Cir. 1979)).

In this matter both parties rely on evidence outside of the pleadings in their arguments on Pierre's statutory standing. Therefore the motion must be converted into a motion for summary judgment. Because the motion was originally brought under Rule 12(b)(1), we decline to convert it (even through Rule 12(b)(6)) into a motion for summary judgment. The defendants' motion to dismiss must be denied, without prejudice to any party's right to seek dismissal on this basis under the appropriate motion.

---

[1] *See, e.g.*, *Royal v. Boykin*, 2017 WL 3897168, at *2–*3 (N.D. Miss. Sep. 6, 2017); *Myles v. Domino's Pizza, LLC*, 2017 WL 238436, at *3 (N.D. Miss. Jan. 19, 2017); *Gonzalez v. Gen. Motors, LLC*, 2017 WL 9324466, at *3 (W.D. Tex. Nov. 7, 2017); *but see Martinez v. City of Monroe*, 2016 WL 5395239, at *1 n. 3 (W.D. La. Aug. 17, 2016) (finding that this issue was one of constitutional standing)

# III.
## CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **DENIED**, without prejudice to any party seeking relief on this basis through a Motion for Summary Judgment.

THUS DONE AND SIGNED in Chambers this 27th day of June, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE