UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**EVELYN MURRAY PIERRE**             **CASE NO. 2:17-CV-01565**

**VERSUS**                                       **JUDGE JAMES D. CAIN, JR.**

**JOHN S. CRAFT ET AL.**                **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 45] filed by defendants John S. Craft and Trina Williams and seeking dismissal of all of plaintiff's claims against them. Plaintiff opposes the motion. Doc. 49. Defendants have not filed a reply and their time for doing so has passed. In response to the court's order, the parties have also provided amended briefs. Docs. 51, 52.

### I.
### BACKGROUND

This suit arises from the death of plaintiff's son, Roy Edward Marshall, on January 17, 2017. At the time Marshall was an inmate in the custody of the Louisiana Department of Public Safety and Corrections, serving a sentence imposed by a Louisiana state court, and was housed at Vernon Correctional Facility ("VCF") in Vernon Parish, Louisiana. *See* doc. 51, att. 1. He was booked into VCF on September 8, 2016, at which time he completed an intake medical screening. Doc. 52, att. 15. There he listed asthma, treated with an inhaler, among his medical conditions. *Id.* During the remainder of his stay at VCF he was transported to the emergency room on two occasions for treatment of his asthma. Doc. 52,

att. 16. His medications, including asthma medications, were filled by VCF personnel at a local pharmacy. Doc. 52, atts. 17 & 18.

According to a fellow inmate, Marshall had been asking for a refill on his inhaler for two weeks preceding his death. Doc. 49, att. 9. On the morning of January 17, 2017, Marshall began experiencing difficulty breathing while playing a game of dominoes with two other inmates and asked one of the inmates to summon a guard. *See* doc. 52, att. 3. One of the inmates alerted Sergeant George Roman, who in turn reported to Medical Officer Trina Williams that Marshall was "having trouble breathing and wanted to see medical." Doc. 52, att. 4. At Williams's instruction Marshall was brought to medical, where he told Williams that he was having an asthma attack and could not breathe. *Id.* He also reported that he did not have his inhaler, and that he had run out of it the night before and informed the night shift. *Id.*; doc. 52, att. 5, p. 12.

Officer Williams called the pharmacy to request a refill and was told that it would be ready in about twenty minutes. Doc. 52, att. 4. She also sent Officer Lewis Anderson to Marshall's bunk to see if he could locate his inhaler, and began trying to assist Marshall with a home remedy (steam). Doc. 52, att. 5, pp. 12–19. Anderson, however, only returned with an empty inhaler. *Id.* at 19–21. Williams knew that several other inmates at VCF used inhalers to treat asthma, but did not attempt to obtain one from any of them because of a facility policy against sharing any type of medication, including inhalers – even in an emergency situation. *Id.* at 33–35.

By this point Marshall was turning purple, so staff moved him to a stretcher in the hall, began resuscitative efforts, and called for an ambulance at approximately 9:29 am.

Doc. 52, atts. 7–10. EMS arrived at approximately 9:42. Doc. 52, att. 10. EMS then took over resuscitative efforts in the sally port of the facility, where Marshall coded. *Id.*; doc. 52, att. 5, p. 32; *see also* doc. 52, atts. 6–9. His body was covered and left at that location until the assistant coroner arrived to pronounce him dead. Doc. 52, att. 5, p. 33. After Marshall's death, the coroner's investigator discovered an inhaler with 122–124 doses remaining in Marshall's locker. Doc. 52, atts. 11 & 12; *see* doc. 52, att. 6.

Plaintiff filed suit against Williams, Anderson, Assistant Warden Ricky Stephens, and Vernon Parish Sheriff John S. Craft.[1] Docs. 1, 34. There she alleged that Marshall's death was the result of violations of the Eighth and Fourteenth Amendments and Louisiana tort law. Williams and Craft now move for summary judgment

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit

---

[1] She also named as defendant "Guard X," who has never been identified or served.

"significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

**A. Eighth Amendment Claims**

Because plaintiff was a convicted prisoner, his medical care claims arise under the Eighth Amendment. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1994). The Eighth Amendment's prohibition on cruel and unusual punishment is violated when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Deliberate indifference is a high standard requiring more than "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice[.]" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Instead, a prison official acts with deliberate indifference "only if he knows that inmates face a

substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Williams and Craft maintain that plaintiff cannot meet the second prong of this test because VCF personnel responded appropriately by calling for new medication and then beginning resuscitative efforts and calling for emergency care upon Marshall's sudden collapse. They further submit an expert report contending that the cause of Marshall's sudden collapse and death was not any error by the jail, which had supplied him with his prescribed medications (including an inhaler with sufficient doses remaining), but instead his suspected smoking and regular usage of beta-blocking drugs, which inhibit the efficacy of asthma medications. *See* doc. 52, att. 14.

The plaintiff, however, has submitted an affidavit from Marshall's treating physician, who states that Marshall was only on a low dose of beta-blockers. Doc. 51, att. 8. He further states that Marshall responded well to the medications prescribed for his asthma, particularly when used for asthma attacks, and that the beta blockers did not appear to interfere with the efficacy of these. *Id.* He notes that nebulizers and inhalers are still the standard of care for emergency treatment of Marshall's symptoms. *Id.* Based on Marshall's response to treatment during prior asthma attacks, he concludes that Marshall likely would have survived the asthma attack that occurred on January 17, 2017, if treated promptly with an inhaler or nebulizing treatment of albuterol. *Id.*

These conflicting opinions show a genuine issue of fact as to whether defendants responded appropriately to Marshall's asthma attack. Furthermore, there remains an issue of fact as to when Marshall ran out of his inhaler and when he first alerted VCF staff. Based

on Marshall's history of emergency care at the jail and his use of prescription medication to treat his asthma, defendants had notice of the seriousness of his condition. The evidence above shows that the jail had extra inhalers on hand but declined to treat Marshall immediately with these because of a policy against sharing medication, even in emergency situations. Whether this policy, or the failure to keep the inhaler located after Marshall's death in a place where it could be easily located in an emergency, or the failure to keep an emergency supply of albuterol on hand amounts to deliberate indifference requires resolution of the questions of fact above. Accordingly, summary judgment cannot be granted on the constitutional claims.

### B. Tort Claims

Under Louisiana law, a jailer has an obligation to provide adequate and reasonable medical services for prisoners. *E.g.*, *Jacoby v. State*, 434 So.2d 570, 573 (La. Ct. App. 1st Cir. 1983). Additionally, an employer is vicariously liable for the negligent acts committed by employees acting in the course and scope of their employment. *Zeitoun v. City of New Orleans*, 81 So.3d 66, 75 (La. Ct. App. 4th Cir. 2011). Plaintiff brings a wrongful death and survival action against all defendants, and maintains that Sheriff Craft is also liable for the individual employees' torts under a theory of vicarious liability.

Given the conflicting opinions above, the court cannot determine the extent to which a standard of care was breached with Marshall's treatment. The jury will have to decide the appropriate weight for each opinion and then resolve the question of what treatment the jail should have provided to Marshall on the morning of January 17, 2017, and whether

any breach of that standard caused his death. Accordingly, the court cannot grant summary judgment on the tort claims against Craft or Williams.

## IV.
## CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [docs. 45, 52] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 4th day of December, 2020.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**